IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CURTIS ROGERS,**

    **Plaintiff,**

**vs.**                                                                          **Case No. 4:25cv406-RH-MAF**

**U.S. DISTRICT COURT JUDGE,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    Pro se Plaintiff Curtis Rogers initiated this case on September 24, 2025, by submitting a civil rights complaint, ECF No. 1. However, Plaintiff did not pay the filing fee or file a motion requesting leave to proceed with in forma pauperis status at the time of case initiation. Plaintiff was required to do one or the other if he wanted to proceed with this case in accordance with Local Rule 5.3. ECF No. 3.

    Plaintiff then submitted an in forma pauperis motion, ECF No. 4, and an amended complaint, ECF No. 5. Plaintiff's in forma pauperis motion was insufficient because Plaintiff did not answer all questions within the financial affidavit and his answers were in conflict. For example, Plaintiff

indicated he was not employed because of a disability, ECF No. 4 at 3, yet Plaintiff did not indicate that he received social security disability benefits or other income. *Id.* at 4. Because the in forma pauperis motion was insufficient as filed, ruling was deferred. ECF No. 6. Plaintiff was provided another application for leave to proceed in forma pauperis, and he was directed to return the completed form no later than **November 10, 2025**. *Id.* Plaintiff was also advised to honestly disclose all monthly income and expenses. *Id.*

Plaintiff filed a second amended complaint, ECF No. 7, on November 7. 2025. Plaintiff did not, however, comply with the prior Order and file an amended in forma pauperis motion. Plaintiff was warned that his failure to comply with that Order would result in a recommendation of dismissal of this action. ECF No. 6. Because Plaintiff has not complied after being warned of the consequences, this case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as

courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, because Plaintiff was forewarned and did not respond to a Court Order, dismissal is appropriate.

    Another reason for dismissal is that Plaintiff's amended complaint, ECF No. 7, does not present legible factual allegations, does not demonstrate when the event or issue took place, and is nonsensical and frivolous.  Plaintiff has not provided factual allegations which support a federal claim because Plaintiff has not identified a constitutional right which was violated, a federal statute which was disregarded, or otherwise demonstrated that he suffered any harm.  Furthermore, his request for

relief - "[t]o bring about change in government ruling and abuse laws to make slave when their ways are worse" - is not relief that could be granted. Indeed, it is nonsensical. For all the above stated reasons, this case should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to prosecute and failure to comply with a Court Order and because Plaintiff's amended complaint, ECF No. 7, is frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**